UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:14-cr-00293-KJM |
| Plaintiff, | |
| v. | ORDER |
| LLOYD BRADLEY, | |
| Defendant. | |

Defendant Lloyd Bradley pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and the court sentenced him to ninety-six months in prison. Sentencing Hr'g, Sep't 17, 2015, ECF No. 32. On September 22, 2016, defendant moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Mot., ECF No. 39.

Shortly after defendant's plea negotiations and sentencing process, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015). Defendant argues *Johnson* invalidated U.S.S.G. § 4B1.2(a)'s residual clause, by declaring the definition of "crime of violence" in that clause unconstitutionally vague. Mot. at 4–5. Defendant thus contends his sentence under § 4B1.2(a)'s residual clause violates due process. *Id.* Defendant also argues because *Johnson* was being litigated during his plea negotiations and was likely to decrease his sentence by removing robbery convictions from "crimes of violence," his attorney's plea advice

1

and negotiation tactics, which ignored *Johnson,* amounted to ineffective assistance of counsel. *Id.* at 6–8.

Defendant hinges his arguments on the Supreme Court's June 27, 2016 grant of certiorari in the case of *Beckles v. United States*, 616 Fed. Appx. 415 (11th Cir. Sep. 29, 2015), *cert. granted*, 136 S. Ct. 2510 (U.S. Jun. 27, 2016). The Court was slated to decide: (1) Whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under § 4B1.2 (a)(2)'s residual clause; and (2) whether *Johnson*'s constitutional holding applies to this residual clause, which would potentially validate collateral attacks on sentences imposed following application of an enhancement under that provision. Mot. at 11. On March 6, 2017, however, the Supreme Court issued its *Beckles* opinion and held "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and [ ] § 4B1.2(a)'s residual clause is not void for vagueness." *Beckles v. United States*, 137 S. Ct. 886 (2017).

In light of the Supreme Court's *Beckles* opinion, the court ORDERS defendant to show cause within fourteen (14) days of this order, why the court should not deny his § 2255 motion as moot.

IT IS SO ORDERED.

DATED: March 29, 2017.

_____
UNITED STATES DISTRICT JUDGE

2