UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:14-CR-00293 KJM |
| Plaintiff, | ORDER |
| v. | |
| LLOYD BRADLEY, | |
| Defendant. | |

On April 22, 2015, defendant Lloyd Bradley pled guilty to being a felon in possession of a firearm and on September 17, 2015, the court sentenced him to 96 months in prison. He now moves to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Mot., ECF No. 39. The government opposes. Opp'n, ECF No. 44. At the court's direction, defendant filed a supplemental brief addressing the effect of *Beckles v. United States*, 137 S. Ct. 886 (2017) on his motion. ECF No. 53. After careful consideration, the motion is DENIED.

I.  PROCEDURAL BACKGROUND

Subject to his written plea agreement, offered to the court subject to Federal Rule of Criminal Procedure 11(c)(1)(C), defendant pled guilty to violating 18 U.S.C. § 922(g)(1). Plea Agmt., ECF No. 21, at 1; *see also* Change of Plea Hearing Tr., ECF No. 37. Defendant's presentence investigation report ("PSR") calculated a total offense level of 23: A base level of 24, which accounted for his two prior robbery convictions; a two-level enhancement for dangerously

1

resisting arrest; and a three-level downward adjustment for accepting responsibility. *See* PSR, ECF No. 28, ¶¶ 11, 15, 20; United States Sentencing Guidelines ("USSG") §§ 2K2.1(a)(2) & 3C1.2. This offense level, paired with defendant's Category VI criminal history, produced an advisory sentencing range of 92 to115 months. PSR ¶ 41. As noted, the court ultimately sentenced defendant to 96 months, agreeing to be bound by the parties' agreement. *Id*. ¶ 88; Sentencing Tr. at 9, ECF No. 38. Defendant agreed not to appeal or collaterally attack his conviction or sentence if the court accepted the agreement and did not sentence him above 96 months, and the government did not appeal. Plea Agmt. at 4-5.

On September 22, 2016, defendant moved to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Mot. Defendant based his argument on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated as unconstitutionally vague the "crime of violence" definition in the Armed Career Criminal Act's residual clause. *Id.* (voiding 18 U.S.C. § 924(e)(2)(B)(ii)). Defendant argued *Johnson* likewise invalidated the identically worded residual clause in Sentencing Guideline § 4B1.2(a), which supported categorizing his robbery convictions as "violent." Mot. at 13. Defendant also argued because *Johnson* was pending review when he pled guilty, his attorney's failure to mention *Johnson* as a possible basis for lowering his sentence constituted ineffective assistance of counsel. *Id*. at 6-8.

After *Johnson,* in *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court rejected this precise vagueness challenge and held that the "residual clause in § 4B1.2(a)(2) . . . is not void for vagueness." *Id.* at 892. Defendant admits *Beckles* moots his vagueness challenge, but argues his ineffective assistance of counsel claim remains viable, but on separate grounds. *See* Mar. 30, 2017, Min. Order, ECF No. 52 (ordering defendant to show cause why *Beckles* did not moot his § 2255 motion); Response, ECF No. 53 (admitting only ineffective assistance of counsel claim remains and altering basis for this claim). The court therefore DENIES as MOOT defendant's vagueness challenge and analyzes only his ineffective assistance of counsel claim.

/////

/////

2

## II. LEGAL STANDARD

A defendant may move for relief under 28 U.S.C. § 2255 if his plea deal was negatively impacted by his counsel's constitutionally ineffective assistance, even if the defendant voluntary waived his right to bring a § 2255 motion. *Cf. United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) ("We doubt that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain."); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (leaving open possibility of bringing ineffective assistance of counsel claim even where plea deal waived § 2255 rights). Defendant's ineffective assistance of counsel claim here is not barred by waiver.

To successfully set aside or vacate a conviction or sentence based on ineffective assistance of counsel, defendant must satisfy the Supreme Court's stringent, two-pronged *Strickland* test by showing (1) objectively unreasonable performance by counsel and (2) resulting prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see also Padilla v. Kentucky*, 559 U.S. 356, 357 (2010) (applying *Strickland*, 466 U.S. at 688, to § 2255 claims based on plea deal). *Strickland*'s first prong asks whether counsel's representation "'fell below an objective standard of reasonableness,'" which is assessed using "'prevailing norms of practice as reflected in American Bar Association standards and the like . . . .'" *Padilla*, 559 U.S. at 366 (quoting *Strickland*, 466 U.S. at 688). *Strickland*'s second prong requires proof by "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 669. Stated differently, defendant must "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla,* 559 U.S. at 372 (citation and quotations omitted). And where, as here, defendant argues the ineffective assistance led him to accept a plea bargain, a different result means that "'but for counsel's errors, [defendant] would either have gone to trial or received a better plea bargain.'" *United States v. Rodriguez-Vega*, 797 F.3d 781, 788 (9th Cir. 2015) (quoting *United States v. Howard*, 381 F.3d 873, 882 (9th Cir. 2004)).

The court may analyze these prongs in any order. *Pizzuto v. Arave*, 280 F.3d 949, 955 (9th Cir. 2002) (explaining a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.") (quoting *Strickland*, 466 U.S. at 697). No matter the order, this test is demanding. *Padilla*, 559 U.S. at 371 ("Surmounting *Strickland*'s high bar is never an easy task.") (citations omitted); *cf. Strickland*, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential.").

III. ANALYSIS

Here, defendant has not met *Strickland*'s demanding standard. Initially, defendant based his claim on counsel's failure to mention *Johnson* to him during plea negotiations. Mot. at 14. In his post-*Beckles* briefing, defendant instead argues his former attorney should have distinguished two Ninth Circuit decisions; should have secured a plea deal that permitted arguing for a downward variance; or should have advised defendant to plead to the sheet and then raised mitigating factors to obtain a 92-month, rather than 96-month sentence. Response at 3-4. None of these arguments is persuasive.

A. Failure to Distinguish Two Ninth Circuit Precedents

Defendant's argument that his attorney "could have" distinguished Ninth Circuit precedent falls short of the deficient performance standard *Strickland* enforces. *See* Response at 2. Before defendant's sentencing, the Ninth Circuit twice held that robbery convictions under California law qualified as violent crimes under similar residual clauses. *See* Response at 3 (citing *United States v. Prince*, 772 F.3d 1173, 1176 (9th Cir. 2014), and *United States v. McDougherty*, 920 F.2d 569, 574 (9th Cir. 1990)). Defendant now argues his former attorney "could have argued that these decisions were not applicable because *McDougherty* involved a different, broader residual clause in § 16(b)" than the residual clause at issue here within § 4B1.2(a), and "*Prince* had been vacated before [defendant's] sentencing hearing." Response at 2.

1         This is not enough. Counsel's failure to distinguish one unhelpful case and point to a vacated case may reveal a difference of opinion about litigation style and tactic; it does not reveal objectively unreasonable performance. *See Aguilar v. Alexander*, 125 F.3d 815, 821 (9th Cir. 1997) (differences in strategy not enough to show ineffective assistance of counsel). Nor has defendant shown how any such omission caused him prejudice: It is unclear that the outcome would have been any different had his attorney raised these two cases. It is uncertain to what extent, if any, his sentence was based on these precedents and in the face of ambiguity, *see generally* Sentencing Tr. (mentioning neither case), counsel is "strongly presumed to have rendered adequate assistance" and "made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 687. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693). Defendant's first argument does not meet *Strickland*'s high standard.

        B.      <u>Advising Defendant to Take Plea Deal and Omitting Mitigating Factors</u>

        Defendant next argues he could have obtained a sentence as low as 92 months based on "readily-apparent mitigation" and that his attorney therefore erred by negotiating a plea agreement that foreclosed this option, and also erred by advising him to take the deal rather than pleading to the sheet. *See* Response at 3.

        The court is unpersuaded. Defendant cites no case law to support this argument and his predictions are based only on speculation, which does not meet *Strickland*'s demanding standards. *Id.* Although the mitigating factors defendant highlights could conceivably have led to a somewhat lower sentence, a "conceivable effect" is not enough. *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 693).

        Specifically, defendant highlights as potential mitigation his "schizophrenia and severe mental health problems," and notes that his 2003 robbery conviction was not "particularly egregious" such that his offense level could have been lowered by application of 18 U.S.C. § 3553(a). *Id.* at 3-4. Yet defendant never explains what precisely his counsel should have said, or what she omitted. *See Dows v. Wood*, 211 F.3d 480, 486-87 (9th Cir. 2000) (denying ineffective

5

assistance of counsel claim where defendant filed no affidavits to support his claim as to what testimony would have been provided had counsel properly prepared); *Keidel v. Terry*, 105 F. App'x 149, 150 (9th Cir. 2004) (same). Nor has defendant demonstrated that omitting this mitigating information actually impacted his sentence. *Cf. United States v. Khaton*, 40 F.3d 309, 312 (9th Cir. 1994) (explaining downward departures based on mitigation are "entirely" discretionary). The most defendant says is his sentence "could have" been lower had his attorney either negotiated a plea agreement that allowed for seeking a downward variance or advised defendant to reject the deal altogether. But again, a "conceivable effect" is not enough. *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 693).

Moreover, the record here shows defendant's mental health was in fact considered by counsel, and by the court, in reaching his 96-month sentence. *See* PSR at 4 ("Mental Health Treatment" as special condition); PSR ¶ 37 (noting outpatient treatment for mental health issues in 2013); PSR ¶¶ 68-70 (detailing mental health history such as paranoid schizophrenia); PSR at 26-27 (noting that "The defendant also has mental health conditions that need to be addressed . . . Special conditions of drug abuse treatment and mental health treatment are recommended based on Bradley's drug use history and mental health concerns"); *see also* Sentencing Tr. at 2, 4, 6, 10. There is no indication defendant's mental health issues would have earned him a sentence reduction at all, if his plea agreement left that option open or if he had pled guilty without any agreement. Defendant has not shown that "a decision to reject the plea bargain would have been rational under the circumstances." *Padilla*, 559 U.S. at 372. This claim cannot survive under *Strickland*.

In short, *Strickland*'s standard for ineffective assistance of counsel and the standard for collaterally attacking a sentence are both "highly deferential"; when the two standards "apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). Defendant's arguments, viewed in isolation and viewed together, cannot surmount this high bar. Accordingly, the court DENIES defendant's § 2255 motion in full.

## IV. CERTIFICATE OF APPEALABILITY

No certificate of appealability will issue. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has instructed that a petitioner must show "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Defendant here has made neither showing. 28 U.S.C. § 2253(c)(2). No reasonable jurist would find this court's assessment of defendant's claims debatable or wrong.

## V. CONCLUSION

Defendant's § 2255 motion is DENIED. No certificate of appealability will issue.

The Clerk of the Court shall close the companion civil case, Bradley v. USA, 16-cv-2257 KJM.

IT IS SO ORDERED.

This resolves ECF No. 39.

DATED: March 29, 2018.

_____
UNITED STATES DISTRICT JUDGE